United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Anthony James Rose, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-21568-Civ-Scola |
| | ) |
| The Phoenix Insurance Company, | ) |
| and others, Defendants. | ) |

### Order Granting Leave to Amend

  This matter is before the Court on the motion to dismiss filed by Defendant Prime Electrical Contractors, Inc. ("Prime") (Mot. Dismiss, ECF No. 11) and Plaintiff Anthony James Rose's motion for leave to amend his complaint (Mot. Leave Am., ECF No. 17). The Plaintiff responded to the motion to dismiss as part of his motion for leave to amend. (Mot. Leave Am.)[1] The Defendant has replied in support of its motion, in which it also responded to the Plaintiff's motion. (Resp., ECF No. 23.) The Plaintiff replied in support of his motion for leave to amend. (Reply, ECF No. 24.) After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **grants** the Plaintiff's motion for leave to amend (**ECF No. 17**) and therefore **denies as moot** the Defendant's motion to dismiss. (**ECF No. 11**.)

  Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party seeking to amend its complaint more than twenty-one days after the defendant has served a responsive pleading or a motion to dismiss may do so only with the opposing party's written consent or the court's leave. Leave shall be freely given when justice so requires. Rule 15(a) reflects a policy of "liberally permitting amendments" and a plaintiff's request should be granted absent a "substantial reason to deny leave to amend." *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984).

  Prime's primary argument in support of dismissal is that the Plaintiff never actually pleaded a claim for relief against it in the complaint, which was originally filed in state court and removed to federal court by Defendant The Phoenix Insurance Company ("Phoenix"). (Mot. Dismiss at 3-6; Compl. at 3, ECF No. 1-1, Not. Removal, ECF No. 1.) In response, the Plaintiff seeks leave to amend to add a cause of action against Prime. (Mot. Leave Am. ¶ 2; Prop. Am. Compl. ¶¶ 24-34, ECF No. 17-1.) The Defendant opposes the request for amendment, arguing that amendment would be futile and that any claims against it are barred by the

---

[1] The Plaintiff filed the same document twice, once at ECF No. 16 as a response to the motion to dismiss and once at ECF No. 17 as a motion for leave to amend; regardless, the Court considers the Plaintiff's response and motion for leave to amend here.

fraudulent joinder doctrine following Phoenix's removal of the original state-court complaint. (Resp. at 4-7.)

First, the Court does not find that Prime was fraudulently joined in the original complaint. "To establish fraudulent joinder, 'the removing party has the burden of proving by clear and convincing evidence that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (citation omitted). "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). "In making its determination, the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." *Id.* And, as the Eleventh Circuit has observed, the removing party's "burden is 'heavy one.'" *Stillwell*, 663 F.3d at 1333 (citation omitted). Prime cannot meet it here.

As an initial matter, Prime is not the removing party, so it may not assert the doctrine under the Eleventh Circuit's formulation. *Id.* More importantly, however, it is clear from the face of the original complaint—and its attached exhibits—that the Plaintiff can assert a claim against Prime. The Plaintiff attached his assignment of rights from Miami-Dade County and against Prime to the original complaint. (Compl. Ex. E.) He also pleaded Prime's failure to defend the County in the original complaint, even if he did not expressly assert a claim for relief against Prime. (*Id.* ¶¶ 12-15.) And "all that is required to defeat a fraudulent joinder claim is 'a possibility of stating a valid cause of action.'" *Stillwell*, 663 F.3d at 1333 (citation omitted). Viewing the original complaint's factual allegations in the light most favorable to the Plaintiff, the Court cannot find that Prime was fraudulently joined here.

Second, the Court cannot say that the proposed amended complaint is clearly insufficient or frivolous, so it does not find it to be futile. *Van Cleve v. Ross*, No. 20-23611-CIV, 2020 WL 13413755, at *1 (S.D. Fla. Dec. 28, 2020) (Scola, J.) ("Leave to amend should not be denied on the ground of futility unless the proposed amendment is clearly insufficient or frivolous on its face.") (cleaned up). The proposed amended complaint alleges a breach of contract action against Prime based on a consent judgment against Miami-Dade County, relating to Prime's work for the County, that also assigns the County's rights against Prime to the Plaintiff. (Prop. Am. Compl. ¶¶ 8-9, Ex. C; *see also* Compl. Exs. D, E.) The Plaintiff asserts three separate potential breaches of contract against Prime based on that assignment: failure to insure, failure to defend, and failure to indemnify. (Prop. Am. Compl. ¶¶ 25-32.)

Prime further argues that a failure to procure insurance claim is futile in circumstances like those here because the "cause of action . . . does not accrue until the proceedings against the insurer are final." (Resp. at 8.) The Court finds this argument unavailing for two reasons. First, federal (and Florida) courts are split regarding the appropriate method to handle failure to procure insurance claims in such circumstances. *Fontainebleau Gardens Condo. Ass'n v. Pac. Ins. Co.,* 768 F. Supp. 2d 1271, 1276 (S.D. Fla. 2011) (Altonaga, J.) ("Florida law is unclear regarding whether a premature negligence or malpractice claim against an insurance agent should be abated or stayed or, rather, dismissed without prejudice while an underlying action to determine insurance coverage is ongoing."). Second, the Plaintiff asserts claims for more than just failure to procure insurance coverage here. That creates a fundamentally different situation that the one in *Fontainebleau*—where the Court exercised its discretion to deny joinder of insurance agents, which would have defeated diversity—than here, where the Plaintiff has an assignment of all contractual rights of the County against Prime, seeks to pursue additional contractual claims against Prime, and listed Prime as a defendant in the initial state court action before removal (even if the state-court complaint was initially deficient against Prime). *Id.* Accordingly, the Court does not find the proposed amended complaint to be futile here.

Therefore, the Court **grants** Plaintiff's motion for leave to amend. (**ECF No. 17**.) The Plaintiff shall file his amended complaint (ECF No. 17-1) as a separate docket entry no later than **August 25, 2023**. The Defendants shall file their responses to the amended complaint no later than **September 8, 2023**. Accordingly, the Defendant's motion to dismiss is **denied as moot**. (**ECF No. 11**.) Finally, the Court **orders** the parties to show cause why this matter should not be remanded for lack of diversity jurisdiction due to Defendant Prime's inclusion in this suit no later than **August 25, 2023**.

**Done and ordered** in Miami, Florida, on August 22, 2023.

_____
Robert N. Scola, Jr.
United States District Judge