United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Anthony James Rose, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-21568-Civ-Scola |
| | ) |
| The Phoenix Insurance Company, and Prime Electrical Contractors, Inc., Defendants. | ) ) ) |

## Order Remanding to State Court

This matter is before the Court on the Court's own order to show cause as to why the case should not be remanded for lack of subject matter jurisdiction (ECF No. 25), to which the Plaintiff and Defendant The Phoenix Insurance Company ("Phoenix") responded. (ECF Nos. 27, 28.)

After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **remands** the case to state court for lack of subject matter jurisdiction.

### 1. Background

The Plaintiff obtained a $150,000 consent judgment from Miami-Dade County after tripping and falling on an electrical utility box cover embedded in a sidewalk. (Am. Compl., ECF No. 26 ¶¶ 7-8.) The County assigned its rights against the contractor responsible for the box (Prime Electrical Contractors, Inc.) and its insurer (The Phoenix Insurance Company) to the Plaintiff, who sued them in Florida state court. (State Ct. Compl., ECF No. 1-1.) However, the state court complaint did not make any specific claim about Prime. (*See id.*) Phoenix, a foreign company, removed the case to federal court. (Not. of Removal, ECF No. 1.) Prime, a Florida company, then moved to dismiss because of the complaint's failure to make a claim against Prime (ECF No. 11), and the Plaintiff sought leave to amend the complaint to add a claim against Prime. (ECF No. 17.) The Court granted the Plaintiff leave to amend, rejecting the Defendants' argument that Prime was fraudulently joined (ECF No. 23), and ordered the parties to show cause as to why the Court should not remand the case for lack of subject matter jurisdiction because of the non-diverse defendant. (ECF No. 25.) The Plaintiff and Phoenix responded (ECF Nos. 27, 28), and Phoenix also filed a motion to sever the claims (ECF No. 31), to which the Plaintiff responded. (ECF No. 32.) Phoenix filed a reply. (ECF No. 37.)

### 2. Legal Standard

"[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Thus, "when an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims." *Id.* "The existence of federal jurisdiction is tested at the time of removal," *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008), and "[t]he burden of establishing subject matter jurisdiction falls on the party invoking removal." *Univ. of S. Ala.*, 168 F.3d at 411-12. "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Id.* at 411; *see also Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) ("[T]here is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand."). Removal is proper based on diversity jurisdiction where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the case is between citizens of different States. 28 U.S.C. § 1332. Diversity jurisdiction requires "complete diversity of citizenship" meaning no party on either side can be citizens of the same state. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990).

### 3. Analysis

There is no dispute over the facts relevant to the existence (or lack thereof) of diversity in this case. The Plaintiff, Anthony James Rose, is an individual resident of Florida. (Am. Compl. ¶ 2.) Defendant Phoenix is a "foreign insurance carrier" and Defendant Prime is a Florida corporation. (*Id.* ¶¶ 3-4.) Complete diversity therefore does not exist because the Plaintiff and a Defendant are both from Florida.

Phoenix has not disputed these facts. The only argument that Phoenix makes in its response to the Court's order to show cause (ECF No. 27) is an improperly raised request that the Court reconsider its decision granting the Plaintiff leave to amend his complaint and rejecting the Defendants' allegation that Prime was fraudulently joined in order to defeat diversity. (ECF No. 25.) Because the Court declines to revisit its holding that Prime was not fraudulently joined, the Court must remand the case to state court.

Given the Court's conclusion that it lacks subject matter jurisdiction over this case, the Court also declines to consider the pending motion to sever, in which Phoenix attempts to sever the two claims in the complaint so that the claim against Phoenix may remain in federal court while the claim against

Prime proceeds in state court. (*See* Mot. for Severance, ECF No. 31.) The Court does not have subject matter jurisdiction and therefore lacks the power to take such an action. *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("[A] federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court."); *Mayfield v. Shelley's Elec. Serv. Inc.*, 582 F. Supp. 3d 1103, 1110 (N.D. Ala. 2022) ("[T]here does not appear to be any basis for the court to engage in that hypothetical severance-and-remand [to cure lack of diversity]; rather, the court lacks subject matter jurisdiction right now, and there is no appropriate mechanism to "create" it in these circumstances.").

### 4. Conclusion

For the above reasons, the Court **remands** this case to state court. The Court directs the Clerk to close this case and take all necessary steps to ensure the prompt remand of this matter and the transfer of this file back to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County.

Because the Court cannot consider Phoenix's motion to sever prior to assessing the jurisdictional issues, and because the Court concludes remand is warranted, the motion to sever (**ECF No. 31**) is **held over for resolution by the state court**.

**Done and ordered** in Miami, Florida, on October 13, 2023.

Robert N. Scola, Jr.
United States District Judge